### Doe on the Demise of Pierce *v.* Sweetser.

Ejectment. The lessor of the plaintiff claimed title under a deed from the original patentee, the defendant claimed under a sale for taxes. The land was assessed, for the year 1843, as the property of the patentee, and returned delinquent for non-payment of taxes assessed for that year. The delinquent list was recorded *October* 23, 1844. The auditor commenced making out the list on *October* 1st, and gave as a reason why it was not completed before the 23d, that it could not be made out sooner. The recorded certificate of the auditor was read in evidence, which stated that he wrote three copies of the delinquent list and notice; that he put up one at the court-house door, and handed the other two to the sheriff requesting him to put up one in each of the remaining commissioner's districts; and that said advertisements were put up publicly more than four weeks prior to the first *Monday* in *January*, 1845. No paper was published in the county. *Held*, that, as a reason was assigned for the delay in making out the list and notice, the jury might have found from the evidence that they were prepared for publication within a reasonable time after the day named in the statute. *Held*, also, that the certificate did not show that the requisite notice was given, and therefore the sale was void.

APPEAL from the *Grant* Circuit Court.

Smith, J.—Ejectment by the appellant against the appellee. Judgment for the defendant below.

The lessor of the plaintiff claimed title under a deed from one *Nixon*, the original patentee.

*Wednesday*
*July 9.*

The defendant below, *Sweetser*, claimed under a sale for taxes.

It appears by the evidence that the premises in controversy were assessed, for the year 1843, as the property of *Nixon*, and were included in the list of lands returned delinquent for the non-payment of the taxes assessed for that year.

The delinquent list, as appears by the certificate of the county auditor, was recorded on the 23d of *October*, 1844. The auditor, who was examined as a witness, stated that he commenced making out the delinquent list on the 1st of *October*, and gave as a reason why it was not completed before the 23d, that it could not be made out sooner.

This certificate was objected to, because the statute requires the delinquent list to be made out and recorded on the 1st of *October*, and a copy of such list, with the notice of sale, to be published immediately thereafter. R. S. p. 224.

In the case of *Doe* v. *Flagler*, Ind. R. 404 (1), it was held by this Court, that a publication of the delinquent list and notice of sale made on the 20th of *November*, no reason being given for the delay, was not a sufficient compliance with the statute. That decision was based upon the ground that the law required the list and notice to be published as soon after the 1st day of *October* as such publication could reasonably be made. In the present case there was a reason assigned for the delay, and we think a jury, or the Court acting in the capacity of a jury, might have found, from the evidence given, that the list and notice were prepared for publication within a reasonable time after the day named in the statute.

By section 90, c. 12, R. S., the auditor is required to publish the delinquent list and notice of sale, " in some newspaper having general circulation in his county, if any there be;" and by an act passed in 1844, (Acts of 1844, p. 110,) it is provided that the delinquent list shall be published by posting up a copy thereof, " in each county commissioner's district, unless the same can be published n the proper newspaper in such counties where printed

notice is now required by law," for a certain specified sum.

In this case the defendant gave in evidence the following certificate of the county auditor:

" *October* 23d, 1844. I, *John Gilbert*, auditor of *Grant* county, do hereby certify that I wrote three copies of the foregoing delinquent list and notice; that I put up one of the same on the court-house door, and handed the other two to the sheriff, requesting him to put up one in each of the remaining commissioner's districts in *Grant* county. I further certify that said advertisements were put up publicly, more than four weeks prior to the 1st *Monday* of *January*, 1845. *John Gilbert*, Auditor of *Grant* county."

This certificate was read from the record which the auditor is required to make, and it was proved that there was no newspaper published in the county of *Grant*. But the certificate does not prove that the publication was made in the manner required by the act of 1844. It is not, perhaps, a necessary conclusion from the single fact that no newspaper was *published* in the county of *Grant*, that there was none having a *general circulation* in that county; but, passing by the question which might be suggested as to this point, the certificate does not state that the copies made by the auditor were posted in the proper places, that is, one in each county commissioner's district, even supposing that the last clause can be understood to certify that the sheriff did post the notices handed to him. Giving the certificate the most liberal construction of which it is susceptible, it only states that the auditor put up one copy on the court-house door, and that the others were put up *publicly*. This does not show that the requisite notice was given, and there is, consequently, a fatal defect in the proof necessary to establish the validity of the sale.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*J. Brownlee*, for the appellant.

*D. Kilgore*, for the appellee.

(1) See 1 Carter's Ind. R. 542